IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00657-PAB-STV

DAN CHAPMAN,

    Plaintiff,

v.

ANNA BRENNAN,
CARMEN A. MEYER, and
DIANE FORGET,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff's Motion to Exlude [sic] Robert Coffman as a Witness, or Alternatively, Reopen Discovery to Allow Plaintiff to Depose and Rename Robert Coffman as a Defendant [Docket No. 99] and plaintiff's Motion to Reopen Discovery and to Reset Trial for Good Cause [Docket No. 100].

On June 26, 2017, the Court set this matter for a five-day jury trial to commence on November 13, 2017. Docket No. 86. On September 14, 2017, plaintiff requested the Court reschedule the trial because, after the Court set the trial, plaintiff hired co-counsel whose schedule conflicted with the November trial dates. Docket No. 97 at 2, ¶¶ 5-6. On September 18, 2017, the Court denied this request. Docket No. 98. The same day, plaintiff filed the present motions seeking to reopen discovery and continue the trial so that he can depose and rename Robert Coffman as a defendant. Docket Nos. 99, 100.

Plaintiff named Mr. Coffman as a defendant in his complaint. Docket No. 1. Plaintiff alleges that Mr. Coffman was an employee of the Colorado Department of Corrections ("CDOC") that provided ibuprofen to plaintiff when plaintiff returned from Denver Health Medical Center ("Denver Health") after hand surgery on May 8, 2014, instead of the Percocet that Denver Health had prescribed. *Id*. at 3, ¶ 16 and at 6, ¶ 35. Mr. Coffman filed a motion to dismiss. Docket No. 37. He argued that plaintiff failed to allege Mr. Coffman's subjective awareness of a risk of harm to plaintiff, that plaintiff failed to allege Mr. Coffman's personal participation, that plaintiff failed to allege that Mr. Coffman was aware of the Denver Health post-operative orders, and that Mr. Coffman was entitled to qualified immunity. *Id*. at 9. Mr. Coffman did not make any factual representations regarding his role in plaintiff's care but, instead, based his motion on plaintiff's allegations. *See id*. at 1-3, 9-11. Plaintiff did not contest Mr. Coffman's motion. Instead, on September 19, 2016, plaintiff voluntarily dismissed his claims against Mr. Coffman without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(B). Docket No. 41. On June 15, 2017, defendants listed Mr. Coffman as a may call witness in their proposed final pretrial order, stating that "Mr. Coffman may testify as to the overall actions he took with respect to providing Plaintiff medical care on May 8, 2014, including the information provided by Denver Health regarding Plaintiff's post-operative care, the decision to place Plaintiff in general population, and the decisions regarding the pain medication prescribed to Plaintiff." Docket No. 82 at 6, ¶ 2.

Plaintiff now claims that he was duped in that "[c]ontained throughout Coffman's Motion to Dismiss was the argument that Coffman had not personally participated in the

2

Plaintiff's medical care in any way and, thus, Coffman was entitled to Qualified Immunity." Docket No. 99 at 2, ¶ 7.[1] Plaintiff also claims that he voluntarily dismissed his claims against Mr. Coffman in reliance on defense counsel's analysis. *Id*. at 2, ¶ 8. Plaintiff acknowledges that defendants disclosed Mr. Coffman as a witness in their initial disclosures, but argues that defendants improperly failed to disclose the subjects about which Mr. Coffman has discoverable information. *Id*. at 4, ¶¶ 16, 18. Plaintiff claims that, "[u]ntil the Defendants filed the Proposed Pretrial Order on June 15, 2017 (Docket No. 82), the Defendants did not ever disclose that Robert Coffman worked as a nurse in the infirmary on May 8, 2014, or that he personally decided to place the Plaintiff in DRDC's general population." *Id*., ¶ 13. Plaintiff asserts that he was prejudiced "in effectively having no opportunity to learn of Robert Coffman's testimony regarding the Plaintiff's return from surgery on May 8, 2014." Docket No. 99 at 9, ¶ 45. In particular, plaintiff emphasizes that defendants "did not ever disclose that Robert Coffman worked as a nurse in the infirmary on May 8, 2014, or that he personally decided to place the Plaintiff in DRDC's general population." *Id*. at 4, ¶ 13. Plaintiff also claims that defense counsel acted in bad faith. *Id*. at 9, ¶ 43. As a sanction, plaintiff suggests that Mr. Coffman should be barred from testifying. *Id*. at 6, ¶ 26 and at 9, ¶ 43. In the alternative, plaintiff requests that the Court reopen discovery to allow him to depose Mr. Coffman. *Id*. at 10. Based on this and the other pending motions, plaintiff requests that the Court continue the trial. Docket No. 100 at 3, ¶¶ 9-13.

---

[1] Plaintiff claims that such assertions were made at "subsequent conferrals with undersigned counsel," but plaintiff provides no evidence or support for this conclusory claim. *See* Docket No. 99 at 9, ¶ 41.

3

Plaintiff's arguments do not withstand scrutiny. Mr. Coffman's motion to dismiss did not represent that Mr. Coffman had no personal participation in plaintiff's care. *See* Docket No. 99 at 2, ¶ 7. Rather, Mr. Coffman attacked plaintiff's allegations as being insufficient to state a claim against Mr. Coffman:

> Plaintiff *does not allege* what role or position Defendant Coffman had at DRDC at the time of the incidents in question. He *does not allege* that Defendant Coffman ever spoke to Plaintiff's medical care providers at Denver Health about any matter, *nor does Plaintiff allege* that Defendant Coffman spoke to any of the other Defendants. Plaintiff *does not allege* that Defendant Coffman ever personally saw the medical orders and records from Denver Health containing the post-operative orders discussed in the Complaint for medication, placement in the infirmary, or follow-up therapies and care.

Docket No. 37 at 9 (emphasis added). Even assuming plaintiff relied on Mr. Coffman's arguments, they do not provide a basis for plaintiff to claim prejudice or bad faith.

Likewise, plaintiff's claim that "Defendants did not ever disclose that Robert Coffman worked as a nurse in the infirmary on May 8, 2014" until the final pretrial order is, at best, misleading. Docket No. 99 at 4, ¶ 13. Plaintiff's complaint alleges that Mr. Coffman provided plaintiff with medication on May 8, 2014. Docket No. 1 at 6, ¶ 35. Plaintiff's allegation refers specifically to the "CDOC Ambulatory Health Record for May 8, 2015 [sic]" as documenting that Mr. Coffman provided such treatment. *Id*. Further, defendants' initial disclosures state that Mr. Coffman was "likely to have discoverable information . . . concerning the care Plaintiff received in connection with his hand in May of 2014." Docket No. 99-2 at 3, ¶ 5. Thus, defendants informed plaintiff that Mr. Coffman's information was not limited to May 8, 2014, but rather pertains to May 2014. Moreover, plaintiff was aware that Mr. Coffman was working as a nurse in the infirmary on May 8, 2014 long before defendants filed their proposed final pretrial order. *See*

4

Fed. R. Civ. P. 26 advisory committee's note to the 1993 amendments on subsection (e) ("There is . . . no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing.").

Finally, plaintiff argues that, "[u]nder Fed. R. Civ. P. 26(1)(A) [sic], the Defendants had an obligation to disclose what specific discoverable information Robert Coffman could offer, specifically his decision to send the Plaintiff to DRDC's general population and not admit him into DRDC's infirmary."  Docket No. 99 at 4, ¶ 16.  The complaint alleges that Mr. Coffman and the other defendants did not move plaintiff to the infirmary despite knowing the difficulties that it would cause him in obtaining appropriate medication.  Docket No. 1 at 6, ¶¶ 39-40.  Thus, plaintiff already knew that Mr. Coffman had a role in plaintiff not being placed in the infirmary.  Rule 26(a)(1)(A)(i) requires disclosure of the "name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses."  Such disclosures should indicate "briefly the general topics on which such persons have information," Fed. R. Civ. P. 26 advisory committee's note to the 1993 amendments on subparagraph (A), and are made "based upon information then reasonably available to the disclosing party."  *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004); *see also* Fed. R. Civ. P. 26(g).  "[T]he Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential witness might be necessary."  *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 2874373, at *2 (D. Kan. July 22, 2008).  However, "a party is not required to provide a detailed narrative of the potential witness' knowledge."

*Id*. To the extent that, as plaintiff claims, "[t]he issue of who decided to send the Plaintiff to DRDC's general population rather than admit him into DRDC's infirmary was, and still is, at the heart of this case," plaintiff knew, as noted above, that Mr. Coffman potentially had relevant information. Docket No. 99 at 4, ¶ 14. Plaintiff therefore had the ability to focus his discovery efforts and make informed decisions about depositions. The Court finds that plaintiff has not shown prejudice to himself or bad faith on the part of opposing counsel. The Court will deny plaintiff's motion to exclude Mr. Coffman or reopen discovery.

The existence of pending motions does not provide good cause for continuing the trial because the Court will resolve them before trial. Accordingly, the Court will also deny plaintiff's motion to continue the trial.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Exlude [sic] Robert Coffman as a Witness, or Alternatively, Reopen Discovery to Allow Plaintiff to Depose and Rename Robert Coffman as a Defendant [Docket No. 99] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion to Reopen Discovery and to Reset Trial for Good Cause [Docket No. 100] is **DENIED**.

DATED October 19, 2017.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge